**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KAREN NINO-GUERRERO,**

   Petitioner,

vs.                                                          Case No. 4:18cv578-MW/CAS

**UNITED STATES DEPARTMENT
OF JUSTICE, and the UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY,**

   Respondents.
_____/

## REPORT AND RECOMMENDATION

The pro se Petitioner has initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. She did not, however, pay the fee or file an in forma pauperis motion at the time of case initiation. In an order entered in December 2019, Petitioner was directed to do one or the other, and she was required to clarify her status and the basis for this case in an amended petition because it did not appear that Petitioner was in immigration detention or awaiting removal. ECF No. 3.

Petitioner paid the $5.00 filing fee, ECF No. 4, but did not clarify her status as required. Petitioner also did not file an amended § 2241 petition as required. Instead, she submitted a memorandum entitled "argument," ECF No. 5, which was insufficient. Another Order was entered, ECF No. 6, providing Petitioner with one more opportunity to comply with that Order. Petitioner was specifically warned that if she failed to comply by the March 6, 2018, deadline, a recommendation of dismissal may be entered. *Id.* at 4. As of this date, Petitioner has not filed the amended habeas corpus petition as directed.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009).  Because Petitioner has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**